IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA WHITAKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 04-472 ) |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 7th day of September, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her pending application for supplemental security income on May 15, 2002, alleging a disability onset date of May 1, 2000, due to bipolar affective disorder. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on February 20, 2003, at which plaintiff, represented by counsel, appeared and testified. On July 25, 2003, the ALJ issued a decision finding that plaintiff is not disabled. On February 11, 2004, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 62 years old at the time of the ALJ's decision and is classified as a person of advanced age under the regulations. 20 C.F.R. §416.963(e). Plaintiff has a high school education with two years of collegiate level accounting courses. Plaintiff has no past relevant work experience and has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the

- 2 -

Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairment of bipolar disorder, that impairment does not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work with no exertional limitations, but with certain restrictions recognizing the limiting effects of her mental impairment.  Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including clerk, cashier, ticket taker and janitor.  Relying on the vocational expert's testimony, the ALJ found that, although plaintiff had no past relevant work, she nevertheless is capable of making a vocational adjustment to work which exists in significant numbers in the national economy.  Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months.  42 U.S.C. §1382c(a)(3)(A).  The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind

of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920. See also Newell, 347 F.3d at 545-46.

Additionally, the Commissioner has promulgated regulations dealing specifically with the evaluation of mental impairments. 20 C.F.R. §404.1520a. When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432.

AO 72A
(Rev.8/82)

Here, plaintiff challenges the ALJ's finding of not disabled at step 5 of the sequential evaluation process. Specifically, plaintiff contends that the ALJ erred in evaluating the medical evidence in assessing plaintiff's residual functional capacity. Upon a review of the record, the court finds that the ALJ's evaluation of the medical evidence and resultant step 5 findings are supported by substantial evidence.

At step 5 of the sequential evaluation process the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. §416.945(a); Fargnoli, 247 F.3d at 40.

Here, the ALJ found that plaintiff has the following residual functional capacity:

> [Plaintiff] has no exertional limitations... She is unable to perform complex technical work, but she can do simple, routine repetitive work. Further, she is restricted to low stress work, requiring no dealings or interaction with the general public, no judgment or decision making and no strict production standards. She must also work in a stable work environment involving little if any change.

(R. 23).

Plaintiff's sole argument before this court is that the ALJ

- 5 -

improperly evaluated the medical evidence in assessing plaintiff's residual functional capacity. Specifically, plaintiff contends that the ALJ should have given controlling weight to an opinion from her treating psychiatrist, Dr. Menon, who opined that plaintiff is unable to perform duties in a stressful environment eight hours a day, five days a week. (R. 172). Upon review, this Court finds no error in the ALJ's evaluation of Dr. Menon's assessment.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence, and, in fact, the ALJ's residual functional capacity finding is not in any way inconsistent with Dr. Menon's assessment. Contrary to plaintiff's assertion, Dr. Menon did not opine that plaintiff was precluded from all work

activity, rather he suggested that plaintiff is "unable to perform duties in a <u>stressful</u> environment . . . ." (R. 172). In addition, although Dr. Menon indicated on a check mark form that plaintiff had "poor" ability as to all work-related activities, the form itself defines "poor" to mean that the claimant's ability in each particular area is "seriously limited but not precluded." (R. 173-175).

The court believes that the ALJ's residual functional capacity finding, which limits plaintiff to simple, routine, repetitive, low stress work, with no dealings or interaction with the general public, no judgment, no decision making, no strict production standards, and restricts her to a stable work environment involving little if any change, adequately accounts for Dr. Menon's assessment to the extent that assessment is supported by the objective medical evidence of record and plaintiff's own reported daily activities.

Moreover, even if Dr. Menon's assessment could be interpreted to suggest that plaintiff is disabled from all work activity, the determination of disability is reserved solely to the Commissioner and the opinion of a physician, treating or otherwise, never is entitled to special significance on that ultimate determination. 20 C.F.R. §416.927(e); SSR 96-5p. Here, based upon his review of the <u>entire</u> record, including all of the medical records and plaintiff's own testimony and reported daily activities, the ALJ concluded that plaintiff's impairments, while severe, do not preclude her from performing <u>any</u> substantial gainful activity.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The court is satisfied that the ALJ properly considered, evaluated and weighed the medical evidence in rendering this determination and that the ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
1789 S. Braddock Avenue
570 Edgewood Towne Center Offices
Pittsburgh, PA 15218

Ellen M. Fitzgerald
Assistant U.S. Attorney
700 Grant Street
Suite 400
Pittsburgh, PA 15219